```
                UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON
```

**RANDY L. THORNTON,**

      Movant,

v.                                       Civil No. 2:16-cv-05348
                                          Criminal No. 2:04-cr-00225

**UNITED STATES OF AMERICA,**

      Respondent.

## MEMORANDUM OPINION AND ORDER

Pending is the movant's Emergency Motion to Correct Sentence Under 28 U.S.C. § 2255, filed on June 13, 2016, by his counsel, Federal Public Defender Christian M. Capece.

This action was previously referred to the Honorable Dwane L. Tinsley, United States Magistrate Judge, for submission to the court of his Proposed Findings and Recommendation ("PF&R") for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). On March 9, 2018, the magistrate judge entered his PF&R recommending that the motion be denied, and this matter be dismissed from the docket of the court. The movant timely filed objections on March 19, 2018. Upon the court's direction, the United States responded to the objections on April 12, 2018 and the movant replied on May 11, 2018.

Upon an objection, the court reviews a PF&R de novo. Specifically, "[t]he Federal Magistrates Act requires a district court to 'make a de novo determination of <u>those portions</u> of the [magistrate judge's] report or specified proposed findings or recommendations to which objection is made.'" <u>Diamond v. Colonial Life & Accident Ins. Co.</u>, 416 F.3d 310, 315 (4th Cir. 2005) (emphasis in original) (quoting 28 U.S.C. 636(b)(1)).

## I. Background

On May 12, 2005, movant was convicted by a jury in the above-cited criminal case of two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). At sentencing, the court found that the movant had committed at least three prior violent felonies, thus meeting the statutory criteria pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(1), subjecting him to a mandatory minimum sentence of fifteen years, with a guideline range of 262 to 327 months. Specifically, as specified in both counts of the indictment, the movant previously committed the following offenses:

    a.    Convicted on or about July 12, 1973, in the Court of Common Pleas Lake County, Ohio, of unarmed robbery, in violation of Ohio Revised Code § 2910.12;

b.  Convicted on or about August 19, 1975, in the Court of Common Pleas Lake County, Ohio, of escape in violation of Ohio Revised Code § 2921.34;

c.  Convicted on or about October 2, 1975, in the Court of Common Pleas Lake County, Ohio, of burglary, in violation of Ohio Revised Code § 2911.12 and felonious assault in violation of Ohio Revised Code § 2903.11;

d.  Convicted on or about August 14, 1980, in the Circuit Court of Kanawha County, West Virginia, of attempted robbery by violence, in violation of W.Va. Code § 61-2-12; and

e.  Convicted on or about December 5, 1980, in the Circuit Court of Kanawha County, West Virginia, of malicious wounding, in violation of W. Va. Code § 61-2-9.

The movant was sentenced to serve 262 months in prison followed by a five-year term of supervised release, as well as a $5,000 fine and a $200 special assessment. Although the Judgment and Commitment Order does not identify with specificity the convictions upon which the court relied in making the ACCA determination, a review of the sentencing transcript reveals that the court found that movant had been convicted of five violent felonies, as set forth in paragraphs 28 (1973 Ohio unarmed robbery), 30 (1975 Ohio burglary and felonious assault), 31 (1980 West Virginia attempted robbery by violence), 32 (1980 West Virginia escape) and 34 (1980 West Virginia malicious wounding) of the presentence report. Transcript of Sentencing Hearing, ECF # 103 at 15. The movant's conviction and sentence

were affirmed on appeal.  United States v. Thornton, 209 F. App'x 297 (4th Cir. 2006).

Following the Supreme Court's decision in United States v. Johnson, 135 S. Ct. 2551 (2015) ("Johnson II")[1], in which the Court found the residual clause of the ACCA to be unconstitutionally vague, the movant filed the instant motion arguing that he no longer qualifies as an Armed Career Criminal. Specifically, he argues that without the residual clause, the definition of "violent felony" no longer covers at least three of his prior convictions.  The magistrate judge disagreed, and recommended in his PF&R that the court find: (1) movant's West Virginia malicious wounding conviction is a violent felony; (2) movant's West Virginia attempted robbery by violence conviction is a violent felony; (3) movant's Ohio unarmed robbery conviction is a violent felony; and (4) movant's Ohio burglary conviction is not a violent felony.  The PF&R also recommends that the court decline to address whether movant's Ohio felonious assault conviction is a violent felony.

---

[1] In Welch v. United States, 136 S. Ct. 1257 (2016), the Supreme Court held that Johnson II constitutes a new substantive rule of constitutional law that applies retroactively to cases on collateral review.

4

II.  Discussion

The ACCA defines "violent felony" at 18 U.S.C. § 924(e)(2)(B) as follows:

> (B)  The term "crime of violence" means any crime punishable by imprisonment for a term exceeding one year . . ., that --
>
> (i)  has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

After the Johnson II decision, the residual clause portion of the definition -- "or otherwise involves conduct that presents a serious potential risk of physical injury to another" -- is struck for being unconstitutionally vague.  Accordingly, to be considered a violent felony, the prior conviction must meet the criteria of the force clause, (B)(i), or be an enumerated offense listed in (B)(ii).

As mentioned above, the magistrate judge in his PF&R, inter alia, found that movant's convictions for West Virginia malicious wounding, West Virginia attempted robbery by violence, and Ohio unarmed robbery were each violent felonies.  The magistrate judge also recommended that the court decline to address movant's conviction for Ohio felonious assault.  The movant objects, to some extent, to each of these findings.

Specifically, as for the magistrate judge's finding that West Virginia malicious wounding, W. Va. Code § 61-2-9(a), constitutes a violent felony, the movant "recognizes that this Court is currently bound by the Fourth Circuit's decision in United States v. Covington, 880 F.3d 129 (4th Cir. 2018), to find that malicious wounding requires the intentional use of physical force as an element of the offense and is therefore a violent felony[,]" but maintains that Covington was wrongly decided and "makes [his] objection to preserve the issue for further review." Objections, ECF # 148 at 1-2. The court agrees with the magistrate judge, and indeed the movant, that Covington is controlling and that West Virginia malicious wounding constitutes a violent felony thereunder. The movant's first objection is overruled.

Similarly, the movant objects to the magistrate judge's recommendation that West Virginia attempted robbery by violence be considered a violent felony, but "recognizes that this Court is currently bound by the Fourth Circuit's decision in United States v. Salmons, 873 F.3d 446 (4th Cir. 2017)," so to find. Id. at 2. Movant again objects "to preserve the issue for further review." Id. The court again agrees that Salmons is controlling and was properly applied by the magistrate judge. The movant's second objection is overruled.

6

At this juncture, the court has found that prior to his sentencing in 2005, the movant had committed two violent felonies. The movant need only have committed one additional violent felony, of the three remaining for which he had been previously convicted, to qualify as an armed career criminal under the ACCA. The magistrate judge found that movant's Ohio burglary conviction was not a violent felony, and no objection was made thereto. Accordingly, if either of movant's Ohio unarmed robbery or Ohio felonious assault convictions constitute a violent felony, movant met the ACCA predicates.

The magistrate judge, in the course of a thorough and comprehensive analysis, found that movant's Ohio unarmed robbery conviction constituted a violent felony. The movant objected to this finding.

The magistrate judge additionally recommended that this court decline to address movant's Ohio felonious assault conviction "in light of the uncertainty surrounding the status of Ohio felonious assault in Ohio's home circuit, and because the court has found that [movant] has three other ACCA predicate convictions[.]" PF&R at 23. Specifically, at the time of the PF&R, two matters were pending before the Sixth Circuit, for each of which the Circuit had granted rehearing en banc: Williams v. United States, 875 F.3d 803 (6th Cir. 2017); and

7

United States v. Burris, No. 16-3855, 2017 WL 6368852 (6th Cir. Dec. 13, 2017).

The Sixth Circuit has since cleared the uncertainty surrounding Ohio felonious assault by deciding Burris, 912 F. 3d 386 (6th Cir. Jan. 3, 2019), which the court finds dispositive of the felonious assault issue here. Accordingly, the court finds good cause to address movant's Ohio felonious assault conviction, inasmuch as the magistrate judge's recommendation is now moot.

At the time of the movant's conviction in 1975, the crime of felonious assault in Ohio was governed by Ohio Rev. Code § 2903.11(A), which provided as follows:

> No person shall knowingly:
> (1) Cause serious physical harm to another;
>
> (2) Cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordnance as defined in section 2923.11 of the Revised Code.

Because felonious assault is not an enumerated offense set forth in 18 U.S.C. § 924(e)(2)(B)(ii), the court only analyzes it under the force clause, (B)(i). To determine whether a defendant's prior conviction qualifies as a violent felony, courts apply a "categorical approach," where they "focus solely on the fact of conviction rather than the facts of the case[,]" and "compare the elements required for conviction of an offense to the element(s) required for application of the sentence

enhancement, while ignoring the conduct that gave rise to a particular defendant's past conviction." United States v. Covington, 880 F.3d 129, 132 (4th Cir.), cert. denied, 138 S. Ct. 2588, 201 L. Ed. 2d 304 (2018) (citing Salmons, 873 F. 3d at 448, Taylor v. United States, 495 U.S. 575, 602 (1990), and United States v. Wilson, 951 F. 2d 586, 588 (4th Cir. 1991)). "[T]he categorical approach is straightforward when a statute is indivisible, that is, when the statute defines only a single crime with a single set of elements." Id. (citing Mathis v. United States, 136 S. Ct. 2243, 2248 (2016)).

The approach is made more difficult, however, "where a statute defines multiple crimes by listing multiple alternative elements," rendering it "divisible." Id. "Where a statute is divisible, the Court generally must first apply a 'modified categorical approach' to determine which of the alternative elements are integral to a defendant's conviction." Id. To make this determination, courts may look to "a limited class of documents (for example, the indictment, jury instructions, or plea agreement and colloquy) to determine what crime, with what elements, a defendant was convicted of." Mathis, 136 S. Ct. at 2249. These documents are referred to as "Shepard documents." See Shepard v. United States, 544 U.S. 13 (2005). "The modified approach acts as a tool, rather than an exception, to 'help[ ] implement the categorical approach when a defendant was

convicted of violating a divisible statute.'" Id. (quoting Descamps v. United States, 570 U.S. 254 (2013)) (modification in original).

In Burris, the Sixth Circuit applied this analysis to the Ohio statute at issue here.[2] The court applied the categorical approach first, finding the statute, as a whole, "too broad to categorically qualify as [a] violent-felony predicate[] under the ACCA and Guidelines elements clauses." Burris, 912 F.3d at 399.

The court found the statute to be divisible, however, in that subsection (A)(1) and subsection (A)(2) each set forth separate crimes. Id. at 405. Because the court found the statute to be too broad under subsection (A)(1), it then considered whether subsection (A)(2), which makes it a crime to

---

[2] The defendant in Burris was convicted of felonious assault in 2007. The statute at that time and the version considered by the Sixth Circuit, reads:

> (A) No person shall knowingly do either of the following:
> (1) Cause serious physical harm to another or to another's unborn;
> (2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance.

Ohio Rev. Code § 2903.11. Aside from the addition of "or to another's unborn," which is not pertinent here, the statute is essentially unchanged from the version under which the movant was convicted, and the Sixth Circuit's analysis is applicable.

10

knowingly cause physical harm "by means of a deadly weapon or dangerous ordnance[,]" qualifies as a violent felony. Ohio Rev. Code § 2903.11(A)(2). The court readily found that it did, noting that the "deadly weapon rule" disposes of the analysis: "'When a felony must be committed with a deadly weapon and involves some degree or threat of physical force, it is a crime of violence under the elements clause.'" Id. (quoting United States v. Harris, 853 F.3d 318, 321 (6th Cir. 2017). The court thus held that "[i]f the defendant was convicted under the (A)(1) version of [the felonious assault statute], that offense does not qualify as a violent-felony conviction under the ACCA or Guidelines elements clauses. If a defendant was convicted under the (A)(2) version of [the statute], that offense does qualify as a violent-felony predicate under the ACCA and Guidelines elements clauses." Id. at 406.

Accordingly, here, if the movant was convicted under the (A)(2) version of the Ohio felonious assault statute, the offense qualifies as a violent-felony predicate under the ACCA. In the PF&R, the magistrate judge correctly noted that it is appropriate to consider the Shepard documents to determine under which subsection the movant was convicted. PF&R at 22. Attached as Exhibit F to the government's response to the movant's motion is a portion of the movant's 1975 indictment, which tracks the language of subsection (A)(2): "Randy Thornton

. . . knowingly cause[d] serious physical harm to [another] by means of a deadly weapon, to-wit: a small .22 caliber hand gun[.]" Government's Response, ECF # 138 Ex. F, see also Ex. G (written plea of guilty to the crimes of burglary and felonious assault). In neither his reply to the government's response nor his objections to the PF&R does the movant dispute that he was convicted under subsection (A)(2). The court, accordingly, finds that the movant was convicted under subsection (A)(2) of Ohio felonious assault in 1975 and thus committed a violent felony. In conjunction with West Virginia malicious wounding and West Virginia attempted robbery by violence, the movant has committed three ACCA predicate violent felonies.

Having so found, it is unnecessary to address the magistrate judge's conclusion with regards to Ohio unarmed robbery or the movant's objection thereto.

The movant, having been convicted of three prior violent felonies, was an armed career criminal under the ACCA when he was sentenced in 2005 and is not entitled to any relief under 28 U.S.C. § 2255.

III. Conclusion

The court, accordingly, ORDERS as follows:

1. That the movant's objections to the PF&R be, and they hereby are, overruled;

2. That the magistrate judge's Proposed Findings and Recommendation be, and hereby are, adopted and incorporated as set forth herein;

3. That movant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 be, and hereby is, denied; and

4. This case be, and hereby is, dismissed from the docket of the court.

The Clerk is directed to transmit copies of this memorandum opinion and order to all counsel of record, any unrepresented parties, and the United States Magistrate Judge.

Enter: April 12, 2019

John T. Copenhaver, Jr.
Senior United States District Judge